**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEFFREY R. B., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:24-cv-00105 |
| v. | ) | |
| | ) | Magistrate Judge Jeannice W. Appenteng |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jeffrey R. B. seeks to overturn the final decision of the Commissioner of Social Security ("Commissioner") denying his application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), and filed cross-motions for summary judgment. After review of the record and the parties' respective arguments, the Court grants the Commissioner's motion and denies plaintiff's motion.

**BACKGROUND**

Plaintiff protectively applied for DIB benefits on January 31, 2020 alleging disability since November 14, 2018 due to back surgery, nerve damage in the top of the left leg to the left foot, numbness in the left leg, and a secondary back injury on November 14, 2018. Administrative Record ("R.") 187, 220. Born in November 1970, plaintiff was 48 years old as of the alleged onset date, making him a younger person (under age 50). 20 C.F.R. § 404.1563(c). R. 187. He subsequently changed age

categories to a person closely approaching advanced age (age 50-54). 20 C.F.R. § 404.1563(d). Plaintiff lives with his wife and toddler, took two years of community college courses, and worked for 16 years as a machine maintenance and repairman. R. 41-43, 47, 221, 229. He quit his job on November 14, 2018 after injuring his lower back at work and has not engaged in substantial gainful activity since that date. R. 44-46, 220.

The Social Security Administration denied plaintiff's applications initially on January 13, 2021, and upon reconsideration on March 19, 2022. R. 70-101. Plaintiff filed a timely request for a hearing and on March 14, 2023, he appeared before an administrative law judge ("ALJ"). R. 33. The ALJ heard testimony from plaintiff, who was represented by counsel, and from vocational expert Allison Reno (the "VE").[1] R. 35-69. On May 3, 2023, the ALJ found that plaintiff's degenerative disc disease of the lumbar spine with radiculopathy, degenerative joint disease of the right knee status post arthroscopic debridement, and obesity are severe impairments, but that they do not alone or in combination with plaintiff's non-severe impairments meet or medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 18.

After reviewing the evidence, the ALJ concluded that plaintiff has the RFC to perform light work with occasional climbing and stooping but no kneeling, crouching, or crawling. R. 18-25. The ALJ accepted the VE's testimony that a person with plaintiff's background and this RFC could not perform plaintiff's past work as

---

[1] The hearing was held telephonically due to the ongoing impacts of the COVID-19 pandemic.

a maintenance machine repairer but could perform a significant number of other jobs available in the national economy. R. 25-27. As a result, the ALJ concluded that plaintiff was not disabled at any time from the alleged disability onset date through the date of the decision. R. 27. The Appeals Council denied plaintiff's request for review on November 2, 2023. R. 1-5. That decision stands as the final decision of the Commissioner and is reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005); *Whitney v. Astrue*, 889 F. Supp. 2d 1086, 1088 (N.D. Ill. 2012).

In support of his request for reversal or remand, plaintiff argues that the ALJ: (1) failed to properly assess the opinion evidence of record; and (2) erred in evaluating his subjective statements regarding his symptoms.[2] For reasons discussed in this opinion, the Court finds that the ALJ's decision is supported by substantial evidence.

## DISCUSSION

### A.     Standard of Review

A claimant is disabled within the meaning of the Social Security Act if he is unable to perform "any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not

---

[2] Arguments not specifically addressed in this opinion were not reasonably developed and have been waived. *See, e.g., Crespo v. Colvin*, 824 F.3d 667, 673 (7th Cir. 2016) ("perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived").

less than 12 months." 20 C.F.R. § 404.1505(a). In determining whether a claimant suffers from a disability, an ALJ must conduct a standard five-step inquiry, which involves analyzing: "(1) whether the claimant is currently employed; (2) whether [the claimant] has a severe impairment or a combination of impairments that is severe; (3) whether [the claimant's] impairments meet or equal any impairments listed as conclusively disabling; (4) whether [the claimant] can perform . . . past work; and (5) whether [the claimant] is capable of performing any work in the national economy." *Gedatus v. Saul*, 994 F.3d 893, 898 (7th Cir. 2021) (citing 20 C.F.R. § 404.1520(a)-(g)). If the claimant meets his burden of proof at steps one through four, the burden shifts to the Commissioner at step five. *Id.*

In reviewing an ALJ's decision, the Court "will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it." *Warnell v. O'Malley*, 97 F.4th 1050, 1052-53 (7th Cir. 2024) (quoting *Gedatus*, 994 F.3d at 900). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). "[S]ocial-security adjudicators are subject to only the most minimal of articulation requirements," and ALJs need only provide "an explanation for how the evidence leads to their conclusions that is sufficient to allow us, as a reviewing court, to assess the validity of the agency's ultimate findings and afford [the appellant] meaningful judicial review." *Warnell*, 97 F.4th at 1053-54 (internal quotations omitted) (in "shorthand terms," an ALJ must build a "logical

4

bridge from the evidence to his conclusion"); *Morales v. O'Malley*, 103 F.4th 469, 471 (7th Cir. 2024).

## B. Analysis

### 1. Opinion Evidence

Plaintiff argues that the case must be reversed or remanded because the ALJ erred in discounting the opinions from his treating physical therapist and physician assistant. Dkt. 11 at 5-12; Dkt. 16 at 2-8.[3] The ALJ was not required to "defer or give any specific evidentiary weight" to any medical opinion, including a treating physician's opinion. 20 C.F.R. § 404.1520c(a). See also *Robert J. L. v. O'Malley*, No. 20 CV 50444, 2024 WL 809091, at *2 (N.D. Ill. Feb. 27, 2024). Instead, the ALJ was required to "evaluate the persuasiveness of each medical opinion based on certain factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) specialization; and (5) other factors, including the source's familiarity with other evidence in the claim or an understanding of Social Security disability policies and requirements." *Michelle D. v. Kijakazi*, No. 21 CV 1561, 2022 WL 972280, at *4 (N.D. Ill. Mar. 31, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)-(5)). An ALJ must explain how he considered the first two factors (supportability and consistency) and may but is not required to explain his consideration of the other factors. 20 C.F.R. § 404.1520c(b)(2).

On April 4, 2019, Michael Ciurej, PT, performed a functional capacity evaluation ("FCE") of plaintiff, who had been complaining of low back, left leg/foot,

---

[3] This opinion cites to the CM/ECF number at the top of the page.

and right knee pain since a workplace injury in November 2018. R. 319-29. PT Ciurej indicated that plaintiff was capable of part-time light to medium level work involving: sitting for 4 hours and 30 minutes; standing for 2 hours and 25 minutes; walking for 2 to 3 hours, occasionally over moderate distances; occasionally balancing, stooping, climbing stairs, crouching, and squatting; minimally occasionally kneeling; and never crawling. R. 319, 321. PT Ciurej recommended that plaintiff undergo a work conditioning/hardening program to "allow for optimal functional progression to facilitate a potential safe return to work." R. 319. On April 30, 2019, Jennifer Love, PAC opined that the functional restrictions "for [the] lumbar spine" were permanent. R. 679.

The ALJ discussed both assessments and reasonably concluded that neither was persuasive. R. 20, 24-25. To begin, the FCE took place just six months after plaintiff's acute workplace injury and subsequent evaluations routinely revealed minimal abnormalities. R. 19-25. For example, from June 2019 through December 2022, though plaintiff exhibited positive straight leg raise tests and slightly reduced left ankle dorsiflexion of 4/5, he also had a normal gait, normal posture, normal coordination, full strength of 5/5, and minimal tenderness. R. 24-25, 719, 722, 724, 727, 730-31, 733, 737, 740, 742-43, 746, 787, 791, 830, 834, 838, 842, 846, 850, 854, 862, 865, 870, 874, 878.

Similarly, on February 10, 2022, consultative examiner Seth Osafo, M.D., observed mild bilateral paraspinal tenderness, muscle spasm and limited range of motion in the spine, but a straight leg raise test was negative and the rest of

6

plaintiff's exam was essentially unremarkable showing full strength, normal gait, normal sensation, and normal foot, knee, and extremity functioning. R. 25, 809-10. In addition, both state agency reviewers agreed that plaintiff is capable of light work. R. 77-79, 95-97. *See Alejandrina A. v. Kijakazi*, No. 20 CV 4089, 2023 WL 2539239, at *12 (N.D. Ill. Mar. 16, 2023) (citing *Karr v. Saul*, 989 F.3d 508, 512 (7th Cir. 2021)) (ALJ properly discounted treating physician's statement that was "inconsistent with other objective evidence in the record.").

Furthermore, the ALJ observed that PAC Love provided no explanation for why the lumbar restrictions from the FCE (though apparently none of the other restrictions) were permanent. R. 24-25, R. 678-79. Notably, PAC Love never saw plaintiff again after April 30, 2019, and her own exam that day reflected nothing more than an antalgic gait and a positive straight leg raise on the left. R. 679. *See Pavlicek v. Saul*, 994 F.3d 777, 781 (7th Cir. 2021) (an ALJ may decline to credit a treating physician's opinion when it "is inconsistent with the physician's treatment notes."). The ALJ also reasonably concluded that PT Ciurej's recommendation that plaintiff engage in a work hardening/conditioning program to facilitate a return to work undermined PAC Love's assertion that the restrictions set forth in the FCE were meant to be permanent. R. 24.

Plaintiff argues that the ALJ failed to consider other evidence supporting the opinions from PT Ciurej and PAC Love, such as: his lack of coordination with braiding movement during the April 2019 FCE, R. 326; his slightly reduced range of motion and swelling in the right knee from March to July 2019, R. 458, 463-65, 669,

7

675, 682, 687, 693, 698, 703; and his receipt of cortisone injections in the right knee in March and June 2019, R. 458, 498, 508. Dkt. 11 at 11; Dkt. 16 at 5-8. Yet plaintiff does not identify any records from 2020 onward that support the severe restrictions endorsed by PT Ciurej and PAC Love, or explain how those records demonstrate that he is permanently limited to part-time work. *See Stephanie H. v. Comm'r of Soc. Sec.*, No. 20 CV 4600, 2021 WL 2986298, at *6 (N.D. Ill. July 14, 2021) ("A plaintiff can't apply for benefits and dismiss the bulk of her medical record as insignificant.").

There is likewise no merit to plaintiff's objection that the ALJ reversibly erred by failing to specifically discuss all the test results from the FCE. Plaintiff is correct that the ALJ did not mention his inability to crawl due to right knee pain, limitations on standing tolerance (25 minutes) and sitting tolerance (30 minutes), and demonstration of pain behaviors or discomfort (e.g., heavy breathing and statements like "I am feeling a pinch in my low back"). Dkt. 11 at 6-9; Dkt. 16 at 5-6. But the ALJ had no obligation to cite every piece of evidence in the record. *Lincoln v. Bisignano*, 173 F.4th 886, 892 (7th Cir. 2026) (quoting *Warnell*, 97 F.4th at 1053) ("[A]n ALJ 'need not address every piece or category of evidence identified by a claimant, fully summarize the record, or cite support for every proposition or chain of reasoning.'"). Here, the ALJ considered the FCE throughout the decision, R. 20, 24-25, and the Court is satisfied that the ALJ built a logical bridge between the evidence and her conclusion that the opinions from PT Ciurej and PAC Love are not persuasive. *Deborah M. v. Saul*, 994 F.3d 785, 789 (7th Cir. 2021) (affirming where

the ALJ "did not ignore an entire line of evidence that supported a finding of disability.") (internal quotations omitted).

Some of the other explanations the ALJ gave for discounting the opinions from PT Ciurej and PAC Love are less persuasive. It is not clear why the ALJ attached significance to the fact that the FCE lasted only three hours, and it does not appear that PT Ciurej based his assessment largely on plaintiff's subjective reports. R. 24. Regardless, even if the Court agreed that these rationales were improper, the errors "would be harmless because the ALJ gave enough other valid reasons to justify the weight she gave to" the treating opinions. *Dorothy B. v. Berryhill*, No. 18 CV 50017, 2019 WL 2325998, at *5 (N.D. Ill. May 31, 2019). As a result, the Court is not persuaded by plaintiff's argument that the ALJ was required to seek clarification from PT Ciurej or PAC Love before rendering a decision. Dkt. 11 at 10-11; Dkt. 16 at 7. *See Nelms v. Astrue*, 553 F.3d 1093, 1098 (7th Cir. 2009) (a court "generally upholds the reasoned judgment of the Commissioner on how much evidence to gather.").

"[C]ourts will uphold 'all but the most patently erroneous reasons for discounting a treating physician's assessment.'" *Rodolfo G. v. Kijakazi*, No. 19 CV 3937, 2022 WL 507589, at *7 (N.D. Ill. Feb. 18, 2022) (quoting *Stepp v. Colvin*, 795 F.3d 711, 718 (7th Cir. 2015)). Viewing the record as a whole, the ALJ reasonably explained why she rejected the opinions from PT Ciurej and PAC Love and that decision is supported by substantial evidence. *See Salvador H. v. Kijakazi*, No. 22 CV 7254, 2023 WL 5017944, at *5 (N.D. Ill. Aug. 7, 2023) (citing *Biestek*, 587 U.S. at

103) ("The 'substantial evidence' standard is not a high hurdle to negotiate").

Plaintiff's motion to remand the case for further consideration of this issue is denied.

### 2. Subjective Symptom Evaluation

Plaintiff argues that the ALJ also erred in assessing his subjective statements regarding his symptoms. Dkt. 11 at 12-16; Dkt. 16 at 9-11. In evaluating a claimant's subjective symptom allegations, an ALJ must consider several factors including: the objective medical evidence; the claimant's daily activities; the location, duration, frequency, and intensity of the claimant's pain or other symptoms; precipitating and aggravating factors; type, dosage, effectiveness, and side effects of medication; treatment and other measures besides medication taken to relieve pain or other symptoms; and functional limitations due to pain or other symptoms. 20 C.F.R. § 404.1529(c); SSR 16-3p, 2017 WL 5180304, at *5, 7-8 (Oct. 25, 2017). "'An ALJ need not discuss every detail in the record as it relates to every factor,' but an ALJ may not ignore an entire line of evidence contrary to her ruling." *Benito M. v. Kijakazi*, No. 20 CV 5966, 2022 WL 2828741, at *8 (N.D. Ill. July 20, 2022) (quoting *Grotts v. Kijakazi*, 27 F.4th 1273, 1278 (7th Cir. 2022)). "As long as an ALJ gives specific reasons supported by the record, [the Court] will not overturn a credibility determination unless it is patently wrong." *Grotts*, 27 F.4th at 1279; *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (patently wrong "means that the decision lacks any explanation or support."). "Subjective statements by claimants as to pain or other symptoms are not alone conclusive evidence of

10

disability and must be supported by other objective evidence." *Grotts*, 27 F.4th at 1278.

The ALJ found that plaintiff's complaints of disabling physical symptoms were inconsistent with objective evidence. R. 19. As discussed above, the records show that from June 2019 through December 2022, plaintiff routinely presented with normal gait, normal posture, normal coordination, full strength of 5/5, and minimal tenderness despite some limited lumbar range of motion and positive straight leg raise tests on the left. R. 19, 719, 722, 724, 727, 730-31, 733, 737, 740, 742-43, 746, 787, 791, 830, 834, 838, 842, 846, 850, 854, 862, 865, 870, 874, 878. *See Thorps v. Astrue,* 873 F. Supp. 2d 995, 1006 (N.D. Ill. 2012) (citing *Arnold v. Barnhart*, 473 F.3d 816, 823 (7th Cir. 2007)) ("[A] patient's subjective complaints are not required to be accepted insofar as they clashed with other, objective medical evidence in the record").

During that same period, moreover, plaintiff managed his symptoms conservatively with Norco, which he used "sparingly." R. 21. *See Edward H. v. Kijakazi*, No. 20 CV 3847, 2023 WL 2683171, at *10 (N.D. Ill. Mar. 29, 2023) (citing *Simila v. Astrue*, 573 F.3d 503, 519 (7th Cir. 2009)) ("As a general matter, an ALJ is entitled to consider the routine and conservative nature of a claimant's treatment in assessing the claimant's credibility."). Plaintiff notes that some treatment modalities he tried had failed, such as other medications and steroid injections. Dkt. 11 at 15; Dkt. 16 at 11. But despite complaining of excruciating pain at a level of 7-8/10, plaintiff repeatedly declined to try additional interventions (a spinal cord

11

stimulator and medical cannabis). *See, e.g., Gwendolyn B. v. Saul*, No. 20 CV 3244, 2021 WL 1812879, at *8 (N.D. Ill. May 6, 2021) (quoting *Britt v. Berryhill*, 889 F.3d 422, 426 (7th Cir. 2018)) ("[D]iscrepancies between the objective evidence and self-reports may suggest symptom exaggeration.").

The ALJ also noted that plaintiff reported carrying and bathing his dog, going up on the roof to clean his gutters, and pulling weeds in the garden. R. 21, 23-25. *Alvarado v. Colvin*, 836 F.3d 744, 750 (7th Cir. 2016) ("[I]t is entirely permissible to examine all of the evidence, including a claimant's daily activities, to assess whether testimony about the effects of his impairments was credible or exaggerated."). Contrary to plaintiff's suggestion, this is not a case where the ALJ equated plaintiff's ability to perform certain activities with an ability to work. Dkt. 11 at 14; Dkt. 16 at 10. The ALJ merely noted that plaintiff was able to engage in more robust activities than would be expected for a person with his claimed physical limitations. R. 25. This was entirely proper. *See Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019) ("ALJ did not equate Burmester's ability to perform certain activities of daily living with an ability to work full time. Instead, he used her reported activities to assess the credibility of her statements concerning the intensity, persistence, or limiting effects of her symptoms consistent with the applicable rules").

It is well-established that an ALJ's credibility assessment "need not be perfect; it just can't be patently wrong." *Dawson v. Colvin*, No. 11 CV 6671, 2014 WL 1392974, at *10 (N.D. Ill. Apr. 10, 2014) (citing *Schreiber v. Colvin*, 519 F.

Appx. 951, 961 (7th Cir. 2013)). And "even if reasonable minds could differ on the ALJ's rejection of [plaintiff's] testimony, we will not reweigh evidence or substitute our judgment for the ALJ's." *Zoch v. Saul*, 981 F.3d 597, 602 (7th Cir. 2020). Here, the ALJ provided several valid reasons for discounting plaintiff's subjective statements and that decision was not patently wrong. *Halsell v. Astrue*, 357 F. Appx. 717, 722-23 (7th Cir. 2009) ("Not all of the ALJ's reasons must be valid as long as *enough* of them are.") (emphasis in original). Plaintiff's motion to remand the case for further consideration of this issue is denied.

## CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment [11] is denied, and the Commissioner's motion for summary judgment [12] is granted. The Clerk is directed to enter judgment in favor of the Commissioner.

**SO ORDERED.**

**DATED: 7/7/2026**

_____
**Jeannice W. Appenteng**
**United States Magistrate Judge**

13